Judgment and order reversed and new trial granted, with costs to appellant to abide event, unless plaintiff shall stipulate to reduce judgment to $856, in which case judgment, as modified, and the order will be affirmed, without costs in this court.

---

ADDIE E. SMITH, Respondent, *v.* THE BORDEN'S CONDENSED MILK COMPANY, Appellant.

APPEAL by the defendant from a judgment of the City Court of the city of New York, entered in favor of the plaintiff upon the verdict of a jury.

Thomas M. Rowlette (F. Herbert Wadsworth, of counsel), for appellant.

Jacoby & Dalberg (Oswald N. Jacoby, of counsel), for respondent.

SCOTT, J. In our opinion the evidence, taking the plaintiff's own testimony as true, failed to show either negligence on the part of defendant's servant or lack of negligence on the part of plaintiff. The plaintiff lived on the second floor of an apartment house. There was a dumb waiter running up from the basement, by means of which tradesmen made

deliveries. This dumb waiter was two feet wide and twenty inches deep and opened into plaintiff's kitchen, about two feet above the floor, which was the height of the bottom shelf of the dumb waiter when pulled up to plaintiff's apartment. Defendant's driver, who stood in the basement, rang the bell and called plaintiff's attention. Some conversation was held respecting the payment of a bill, and plaintiff told the driver that she would put money in one of the empty milk bottles. She then put five or six empty bottles on the shelf of the dumb waiter, and was in the act of putting thereon the bottle containing the money, when the driver pulled the dumb waiter down. By some means, the plaintiff then had her head inside the dumb waiter and, as it was pulled down, the top struck her head inflicting injuries. There was a safety-clutch at plaintiff's hand, the existence of which she knew, but she had never used it. It was impossible for the driver to see plaintiff. There was no explanation given as to how plaintiff's head came to be inside the dumb waiter, and there does not appear to have been any reason why it should have been in. Certainly, the driver could have had no reason to anticipate that, in placing half a dozen milk bottles on the shelf, the plaintiff would have put her head so far into the waiter that his act in pulling it down would result in injury. Assuming that the driver did not wait for a signal, but became impatient and pulled the waiter down without notice; still, he is to be held responsible only for the natural and probable consequences of his act. He may be charged with notice of the number of bottles to be sent down; and yet, there was no reason to anticipate that the plaintiff would be in such a position that moving the elevator would hit her head. In our opinion, there was no evidence of negligence to submit to the jury.

GILDERSLEEVE and MACLEAN, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.